IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Frankie B. Seabrook, Jr., | ) | |
| | ) | C.A. No.: 0:06-cv-03044-RBH |
| Plaintiff, | ) | |
| | ) | |
| | ) | **O R D E R** |
| | ) | |
| Sgt. Holman, Tiger River Correctional; | ) | |
| Officer Beahrs, Officer Powell A-Z, Tim | ) | |
| Riley, Shift Warden, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On August 30, 2007, this Court filed an Order adopting the Magistrate Judge's Report and Recommendation, in the absence of any objections by the plaintiff, and dismissed the action with prejudice for lack of prosecution. On August 31, 2007, judgment was entered accordingly and mailed to the plaintiff. On February 26, 2008, the plaintiff filed a "Motion for Reconsideration and/or to Amend" referencing Fed.R.Civ. P. 59(e) and 60(b).

Fed. R. Civ. P. 59 provides that motions for new trial or to alter or amend the judgment shall be filed within ten days after entry of the judgment. Therefore, the plaintiff's Rule 59 motion, must be dismissed as untimely.

In addition, motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Collison v. International Chemical Workers Union*, 34 F.3d 233,

235 (4th Cir. 1994) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001). The plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) is accordingly denied.

The plaintiff has also filed his motion under Rule 60(b). Since he references "mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, other misconduct of an adverse party, voidness, satisfaction", it appears that he is relying upon Rule 60(b)(1), "mistake, inadvertence, surprise or excusable neglect", Rule 60(b)(3), "fraud . . . or misconduct of an adverse party", Rule 60(b)(4), "the judgment is void", or 60(b)(5), "the judgment has been satisfied".

Defendants Holman and Beahrs filed a Motion for Summary Judgment on March 29, 2007 and defendants Powell and Riley filed a Motion for Summary Judgment on March 30, 2007. Since the Plaintiff was proceeding *pro se*, a *Roseboro* Order was entered by the Court on March 30, 2007, advising the Plaintiff of the importance of a Motion for Summary Judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending the case. Notwithstanding the specific warning, the Plaintiff failed to respond to the Motion. On July 20, 2007, Magistrate Judge Bristow Marchant ordered that the plaintiff "shall advise the court as to whether he wishes to continue with this case and to file a response to the Defendants' motions for summary judgment within ten (10) days from the date of this order. Plaintiff is further advised that if he fails to respond, **this action will be recommended for dismissal with prejudice for failure to prosecute."** On August 2, 2007, Magistrate Judge Marchant issued a report and recommendation and further notified the Plaintiff that failure to timely file specific

2

written objections to the Report would result in waiver of the right to appeal from a judgment of the District Court. The Plaintiff again failed to respond or object to Judge Marchant's Report. A final Order was issued by the undersigned granting Summary Judgment for failure to prosecute on August 30, 2007.

The rule provides that a motion under Rule 60(b) must be made within a reasonable time and, for reasons (1) through (3), not more than one year after the judgment was entered. The plaintiff asserts that he is entitled to relief under Rule 60(b) on the basis that he is incarcerated in the South Carolina Department of Corrections; that the law library is outdated; and that he did not have anyone to assist him with his case at the time the case was dismissed.

The court finds that the plaintiff has not shown that he is entitled to relief from the judgment. "The extraordinary remedy of Rule 60(b) is only to be granted in exceptional circumstances. *See Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979). To obtain relief under the Rule based on excusable neglect, the movant 'must demonstrate *inter alia* that [he] was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment." *Wilson v. Thompson*, 138 Fed. Appx. 556 (4th Cir. 2005)(unpublished). Additionally, the plaintiff has not shown any fraud or misrepresentation by the adverse party to support reopening the judgment on the basis of fraud. Finally, the plaintiff has not shown that the judgment was void or that it has been satisfied. Therefore, although the Rule 60(b) motion was filed within one year of the judgment, applying the above factors, the Court does not believe that the plaintiff has made a proper showing to justify reopening the case.[1]

---

[1] In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." However, *Bounds* did not create a "freestanding right to a law library or legal assistance" and an inmate must show that the "alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "Actual injury must be more than theoretical deficiencies;

For the above reasons, the plaintiff's [36] motion to alter or amend or for relief from judgment

is **DENIED**. Plaintiff's [39] Motion to Take Deposition is also denied.

    **IT IS SO ORDERED.**

                         s/ R. Bryan Harwell
                         R. Bryan Harwell
                         United States District Judge

Florence, South Carolina
July 1, 2008

---

it is showing with specificity that the alleged deficiencies have hindered or are hindering a prisoner's efforts to pursue a legal claim. . . [C]onclusory allegations are . . . insufficient. . . ." *Randolph v. Bazzle*, No. 2:06-3432, 2007 WL 2580008 at * 3 (D.S.C. 2007).